```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DAMIEN NEITA,

                          Plaintiff,

         -against-                          MEMORANDUM & ORDER
                                            15-CV-0649(JS)(AKT)
PRECISION PIPELINE SOLUTIONS,

                          Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Damien Neita, pro se
                    55 Sage Street
                    Central Islip, NY 11722

For Defendant:      David S. Greenhaus, Esq.
                    Jackson Lewis PC
                    58 South Service Road, Suite 250
                    Melville, NY 11747
```

SEYBERT, District Judge:

Currently pending before the Court are (1) Defendant Precision Pipeline Solutions' ("Defendant") motion for summary judgment, (Def.'s Mot., Docket Entry 58), (2) Plaintiff Damien Neita's ("Plaintiff") letter motion for summary judgment, (Pl.'s Letter/Mot., Docket Entry 61),[1] and (3) Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R") recommending that Defendant's motion be granted and Plaintiff's motion be denied, (R&R, Docket Entry 97). For the following reasons, the Court ADOPTS Judge Tomlinson's R&R in its entirety.

---

[1] The page numbers for Plaintiff's Letter/Motion are those generated by the Electronic Case Filing System.

BACKGROUND

On February 6, 2015, Plaintiff commenced this action alleging that Defendant discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). (Compl., Docket Entry 1, at 1.) On February 17, 2017, Defendant filed a motion for summary judgment. (See Def.'s Mot.) The same day, Plaintiff filed a letter to the Court along with documents titled "Motion for Summary Judgment: Hostile Enviornment (sic)," (Ex. A. at 3-9); "Motion for Summary Judgment: Response That I Did Not Properly Answer Questions," (Ex. B. at 10-12); "Motion for Summary Judgment: Less Qualified Employees That Were Promoted Ahead of Me," (Ex. C. at 13-15); and "Motion for Summary Judgment: Missing and/or Conflicting Information Submitted by Defendant," (Ex. D. at 16-21). (Pl.'s Letter/Mot. at 3-21.) On October 12, 2017, the undersigned referred Defendant's motion to Judge Tomlinson for a report and recommendation on whether the motion should be granted. (See Referral Order, Docket Entry 93.) On December 29, 2017, the undersigned issued an Amended Referral Order referring Defendant's motion and Plaintiff's submission to the extent it could be construed as a motion for summary judgment. (See Am. Referral Order, Docket Entry 96.)

On February 26, 2018, Judge Tomlinson issued her R&R. She recommends that the Court grant Defendant's motion for summary

judgment in its entirety and deny Plaintiff's motion for summary judgment. (R&R at 2.) She determined that: (1) Plaintiff failed to demonstrate a prima facie case of discrimination under Title VII, (R&R at 32-40); (2) Plaintiff failed to present any evidence of hostile conduct or comments to support a hostile work environment claim on the basis of race, (R&R at 42-45); and (3) Plaintiff's retaliation and failure to promote claims failed as a matter of law, (R&R at 45-47).

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Tomlinson's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

Judge Tomlinson's R&R (Docket Entry 97) is ADOPTED in its entirety. Defendant's motion for summary judgment (Docket Entry 58) is GRANTED, and Plaintiff's motion for summary judgment (Docket Entry 61) is DENIED. Accordingly, Plaintiff's Complaint is DISMISSED WITH PREJUDICE. Given Plaintiff's pro se status, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is DENIED for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444–45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

Defendant is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff and file proof of service on ECF promptly. The Clerk of the Court is directed terminate all pending motions, enter judgment accordingly, and mark the case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  31 , 2018
       Central Islip, New York

4