
MANDATE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 29th day of April, two thousand nineteen.

Present:  AMALYA L. KEARSE,
          RALPH K. WINTER,
          ROSEMARY S. POOLER,
                    *Circuit Judges*.

_____

DAMIEN NEITA,

                    *Plaintiff-Appellant*,

                    v.                                              18-1327-cv

PRECISION PIPELINE SOLUTIONS, RANDY SOOHOO, and
JASON GONG,

                    *Defendants-Appellees*.[1]
_____

Appearing for Appellant:    Damien Neita, Central Islip, N.Y.

Appearing for Appellee:     Tamara S. Grimm, O'Hagan Meyer, Philadelphia, PA.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J*.; Tomlinson, *M.J.*).

---

[1] The Clerk of the Court is directed to amend the caption as above.

MANDATE ISSUED ON 05/22/2019

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Damien Neita, proceeding pro se, appeals from the March 31, 2018 judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*; Tomlinson, *M.J.*) granting summary judgment in favor of Precision Pipeline Solutions, LLC, Neita's former employer, and his former supervisors with respect to his employment discrimination claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Neita principally argues that the district court abused its discretion in denying him an extension of time to file objections to the report and recommendation ("R&R") recommending that Neita's motion for summary judgment be denied and the defendants' motion for summary judgment be granted. Such scheduling matters are reviewed for abuse of discretion. *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003). "A district court has abused its discretion if it has (1) 'based its ruling on an erroneous view of the law,' (2) made a 'clearly erroneous assessment of the evidence,' or (3) 'rendered a decision that cannot be located within the range of permissible decisions.'" *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009) (quoting *Sims v. Blot,* 534 F.3d 117, 132 (2d Cir. 2008)). The district court did not abuse its discretion here. On the day before the court's filing deadline, Neita requested an extension based on what appeared to be Neita's ordinary work responsibilities, a test scheduled more than a week after the court's deadline, and a stomach condition that had not prevented Neita from working or required immediate medical attention. Denial of such a request is not outside "the range of permissible decisions." *Id.* (internal quotation marks omitted). To the extent that Neita suggests that the difference between this denial and the court's grant of the defendants' earlier request for an extension reflected judicial bias, this argument is meritless. *See Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (adverse rulings, without more, do not provide a reasonable basis for a bias claim).

Although Neita states that he is also appealing "the decision to adopt the Report and Recommendation in its entirety," his brief fails to identify any reason why that decision was in error. While this Court "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted), pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). The Court "normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Id.*; *see also LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("we need not manufacture claims of error for an appellant proceeding *pro se*"). Nor will the Court decide issues that a pro se appellant raises in his brief in a conclusory fashion, or in passing. *See Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (pro se appellant forfeited all claims against one appellee by mentioning the adverse district court ruling only "obliquely and in passing"); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Because Neita failed to

challenge the bases for the summary judgment ruling in his brief on appeal, Neita has abandoned any such challenge. *See LoSacco*, 71 F.3d at 93.

Moreover, this Court has adopted a rule that a failure to timely object to a magistrate judge's R&R "may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997) (citing *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993)); *see also Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). This rule is non-jurisdictional and can be excused in the interests of justice. *Male Juvenile (95-CR-1074)*, 121 F.3d at 39. In determining whether to excuse the default, the Court considers, "among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). Neita received the required notice, but he has not identified any argument, much less one with "substantial merit," that would warrant excusing his default in the interest of justice. *Id.* In any event, an independent review of the record and relevant case law reveals that the district court properly adopted the magistrate judge's recommendation to grant the defendants' motion for summary judgment.

We have considered the remainder of Neita's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:<br>Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3